JOHN S. MITCHELL, EXECUTOR AND DEVISEE OF ANDREW MITCHELL DECEASED, PLAINTIFF IN ERROR, *vs.* ROBERT LENOX AND OTHERS, DEFENDANTS IN ERROR.

The fourth article of the Constitution of the United States, which declares that " Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state," cannot, by any just construction of its words, be held to embrace an alleged error in a decree of a state Court, asserted to be in collision with a prior decision of the same Court, in the same case.

IN error to the Court for the Correction of Errors, of the state of New York.

Mr. Crittenden moved to dismiss this writ of error on the ground that the Court had no jurisdiction.

This motion was opposed by the counsel for the plaintiff in error.

Mr. Chief Justice TANEY delivered the opinion of the Court.

This case is brought here by a writ of error to revise the decree of the Court for the Correction of Errors for the state of New York.

It appears that a bill was filed in the Chancery Court of New York, by Andrew Mitchell, the plaintiff's testator, against Robert Lenox and others, in order to obtain an account of a certain estate of the complainant, which he alleged that he had assigned and delivered to them upon certain trusts. The defendants, among other things, insisted that the said estate of the complainant had afterwards, with his consent, been assigned to certain other trustees, upon the same trusts expressed in the original deed to them. It is unnecessary to state the nature of the controversy more fully for the purposes of this motion. The bill it seems came to final hearing before the vice-chancellor of the first circuit of the state of New York, who dismissed the bill without prejudice to the complainant's right to make the same defendants parties to a new bill, if he should think proper to file one against the second trustees or the survivor of them. The complainant appealed from this decree to the chancellor, who affirmed it; and he appealed from the chancellor's decree to the Court for the Correction of Errors, and that Court affirmed the chancellor's decree.

The plaintiff's testator thereupon filed a new bill against the same defendants, in which he made the survivor of the second set of trustees also a party defendant; and upon the final hearing, this second bill was dismissed by the chancellor, and his decree was afterwards affirmed by the Court for the Correction of Errors. It is from this last decree that the writ of error to this Court is brought.

It does not appear from the record that any of the questions enumerated in the twenty-fifth section of the act of Congress, of 1789, arose in the Court of Errors; and consequently this Court is not

[Mitchell *vs.* Lenox et al.]

authorized to review its judgment. It has indeed been contended by the plaintiff in error, that the second decree is in collision with the first; and that in this respect it violates the first section of the fourth article of the Constitution of the United States, which declares that "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." Now if it were admitted that the second decree is in collision with the first, (which we certainly do not mean to say is the case,) yet the article of the Constitution above quoted cannot, by any just construction of its words, be held to embrace an error of that description, nor give this Court the right to review the decree.

The writ of error must therefore be dismissed for want of jurisdiction.

This cause came on to be heard on the transcript of the record of the Court of Chancery of the state of New York, returned with the writ of error in this case, and was argued by counsel. On consideration whereof, it is ordered and adjudged by this Court, that this writ of error to the Court of Chancery of the state of New York, be, and the same is hereby, dismissed for the want of jurisdiction; and that this cause be, and the same is hereby, remanded to the said Court of Chancery.